**Donald JACKSON, Plaintiff,**

v.

**ROSLYN BOARD OF EDUCATION and the Roslyn Union Free School District, Defendant.**

No. 05 CV 3102(ADS)(MLO).

United States District Court, E.D. New York.

Jan. 24, 2009.

McKenna & Schneier, by Patrick M. McKenna, Esq., of Counsel, Valley Stream, NY, for Plaintiff.

Ingerman Smith, L.L.P., by Warren H. Richmond, III, Esq., of Counsel, Hauppauge, NY, for Defendants.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

On June 28, 2005, Donald Jackson (the "plaintiff") commenced this action against the Roslyn Board of Education (the "Board"), the Roslyn Union Free School District (the "District") (collectively, the "defendants"), and the Director of the New York State Health Insurance Program in the Employee Benefits Division of the N.Y.S. Department of Civil Service. The plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that the defendants denied his employee disability retirement benefits without adequate notice or a hearing, in violation the Due Process and Equal Protection clauses of the Fourteenth Amendment to the United States Constitution.

By Notice of Dismissal dated August 9, 2005, the plaintiff voluntarily dismissed his claims against the New York State Department of Civil Service, leaving only the Roslyn defendants. Following a motion to dismiss by the Roslyn defendants, on June 7, 2006, this Court denied the defendants'

motion to dismiss Jackson's Procedural Due Process claim, but granted the defendants' motion to dismiss Jackson's Equal Protection claim. In dismissing the plaintiff's Equal Protection claim, the Court found that the plaintiff failed to allege that he was treated differently than similarly situated individuals.

Presently before the Court is the plaintiff's motion to amend his complaint to again allege a § 1983 cause of action on the grounds that the plaintiff was denied equal protection of law. This motion was filed on June 3, 2008.

## I. BACKGROUND

The following facts are derived from the pleadings and the parties' submissions on the present motion. The plaintiff is a fifty-one year old former employee of the District. The plaintiff began working for the District as a custodian in 1983. In January 2001, the plaintiff suffered severe bone fractures to his leg and ankle while in the course of his employment for the District. The plaintiff's injuries required surgery and an extended recuperative period. Due to these injuries, the plaintiff was out of work for seven and one-half months in 2001, during which time he was paid Workers' Compensation Benefits. The plaintiff returned to work at the end of August 2001, and was assigned to "light duty" and remained on light duty through his final day of work. On or about June 12, 2002, Jackson applied for disability retirement benefits with the New York State and Local Retirement System ("State Retirement System").

On or about April 14, 2002, the District served the plaintiff with disciplinary charges related to an incident alleged to have occurred on February 11, 2002. Pursuant to the charges, the plaintiff was suspended without pay for thirty days commencing April 12, 2002. In July 2002, the District held a hearing with regard to the disciplinary charges against the plaintiff, after which the hearing officer recommended that the plaintiff be terminated from his employment. On August 8, 2002, the Board accepted the hearing officer's recommendation and voted to terminate the plaintiff from his position as a custodian, effective that day. The plaintiff was informed of the termination of his employment by letter on August 13, 2002. In accordance with certain New York State regulations, the plaintiff's enrollment in any medical plan at the time of his dismissal was terminated effective August 31, 2002. At that time, the plaintiff's application for disability retirement benefits was still pending.

On August 29, 2003, more than one year after his termination, the plaintiff was notified by the State Retirement System that he had been found "permanently incapacitated for the performance of duties" and was entitled to disability retirement benefits. The State retroactively established the plaintiff's disability retirement date as August 8, 2002, the last day of his employment with the District. The plaintiff contends that the custodial collective bargaining agreement between the Board and the Custodial Bus Drivers and Maintenance Association for the relevant time period and the New York Civil Service Rules and Regulations required the District to enroll him in the applicable disability retirement health insurance plan, upon the State Retirement System's determination that he was eligible for disability retirement benefits. According to the plaintiff, he is entitled to health insurance benefits even though he was terminated for disciplinary reasons because (1) his injury and the filing of his application for disability occurred prior to his termination date; and (2) the State retroactively established his disability retirement date.

Upon receiving notice that he had been found disabled, the plaintiff completed the necessary paperwork and contacted the District's Benefits Department to request that his medical benefits be reinstated. The plaintiff alleges that the District refused to reinstate his medical benefits.

By the present motion, the plaintiff seeks to amend his complaint to add a more detailed factual chronology and a second cause of action for violation of his right to Equal Protection.

## II. DISCUSSION

■ FED.R.CIV.P. 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served...." However, where as here, a responsive pleading has been served, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." A court should deny leave to amend only upon delay, bad faith, futility, or prejudice to the non-moving party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Aetna Cas. & Sur. Co. v. Aniero Concrete Co., Inc.,* 404 F.3d 566, 604–05 (2d Cir.2005) (stating that leave to amend "should be denied only for such reasons as undue delay, bad faith, futility of the amendment, and perhaps most important, the resulting prejudice to the opposing party") (quoting *Richardson Greenshields Sec., Inc. v. Lau,* 825 F.2d 647, 653 n. 6 (2d Cir.1987)).

The plaintiff first raised his Equal Protection claim in opposition to the defendants' motion to dismiss the complaint. In its previous decision dismissing the plaintiff's Equal Protection claim, the Court explained that:

> The Fourteenth Amendment to the United States Constitution provides that no state shall ... deny to any person within its jurisdiction the equal protection of the laws. This clause is "essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Texas v. Cleburne Living Center,* 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). In a case such as this, the plaintiff may maintain an equal protection claim as a "class of one" so long as he establishes that he was treated differently than similarly situated persons and that the unequal treatment he received was motivated by personal animus. *Harlen Assoc. v. Inc. Village of Mineola,* 273 F.3d 494, 500 (2d Cir.2001); *Cobb v. Pozzi,* 363 F.3d 89, 110 (2d Cir.2004) (stating elements for "selective prosecution theory" of equal protection).
>
> In this case the plaintiff has failed to state a claim for a violation of the equal protection clause because he does not allege that he was treated differently than similarly situated individuals. Accordingly, the defendants' motion to dismiss the plaintiff's equal protection claim is granted, and this cause of action is dismissed.

*Jackson v. Roslyn Board of Education,* 438 F.Supp.2d 49, 55 (E.D.N.Y.2006).

The plaintiff now contends that during the course of discovery it was revealed that he is the only individual receiving retirement benefits from the District who was not also offered an "Agreement to Provide Health Benefits to Retiree." The plaintiff therefore contends that he has been treated differently than similarly situated individuals. The plaintiff alleges that despite his alleged misconduct, among the category of retired persons offered continued health benefits are two individuals allowed to retire after stealing millions of dollars of District funds. In addition, the plaintiff contends that when no funda-

mental right or suspect classification is implicated, motive is irrelevant to the equal protection analysis and the plaintiff need only show that there is no rational relationship or a legitimate governmental purpose to the exercise of authority complained of. Accordingly, the plaintiff alleges that he can maintain an Equal Protection claim under the "class of one" theory.

■ "Although Rule 15(a) governs the amendment of pleadings, Rule 16(b) also may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed." *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229, 243 (2d Cir.2007). Where a schedule is in place, it may be modified "only for good cause and with the judge's consent." FED. R.CIV.P. 16(b)(4); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir.2003) ("Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'")

■ The primary consideration in determining whether "good cause" exists for the amendment of the schedule is the diligence of the moving party. *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000) ("[A] finding of 'good cause' depends on the diligence of the moving party."). However, additional considerations may enter into the Court's decision, such as any resulting prejudice to the non-moving party. *Kassner*, 496 F.3d at 244.

In this case, on September 13, 2006, United States Magistrate Judge Michael L. Orenstein entered a Scheduling Order that set July 15, 2007 as the last day on which the plaintiff could move to amend the complaint. The plaintiff filed his motion on May 18, 2008, more than ten months after the deadline had passed, but contends that during the course of discovery, especially with respect to a witness deposition conducted on December 17, 2007, it became clear that he is the *only* individual receiving a New York State Retirement benefit from the District who was not offered an "Agreement to Provide Health Benefits to Retiree." In addition, the plaintiff asserts that Magistrate Judge Orenstein's scheduling order related to the plaintiff's expressed intention to add a state law cause of action. Finally, the plaintiff contends that amending the complaint at this stage would cause no prejudice to the defendants.

The defendants contend that the plaintiff has failed to establish good cause to amend the scheduling order and it is disingenuous for the plaintiff to claim that he had no prior knowledge that all other retirees were offered health insurance benefits. Specifically, the defendants point out that in their initial responses to interrogatories, served on November 20, 2007, they conceded that "No District retiree has been denied NYSHIP medical benefits where such individual retired from active employment with the District." (Defendant's Exh. A, at 2, Response to Interrogatory No. 3). In addition, the defendants state that the individuals convicted of misappropriating District funds are not similarly situated to the plaintiff because those persons unilaterally resigned from their positions upon disciplinary charges being lodged against them. The defendants contend that the plaintiff seeks to assert an Equal Protection claim in this action only to inject the highly publicized scandal surrounding these individuals and the Roslyn School District in 2004.

Discovery in this matter was certified as complete on April 4, 2008. A conference for May 7, 2008 was set by the Court on

April 16, 2008. At the May 7, 2008 conference, a briefing schedule was set for the plaintiff to move to amend his complaint. The plaintiff made no attempt to seek leave to amend prior to the May 7, 2008 conference despite his admitted knowledge of the facts underlying his claim no later than December 17, 2007. In addition, the plaintiff failed to seek any extension of the time to move to amend the pleadings. The plaintiff's delay of nearly five months is some evidence of a lack of diligence. *See Dalton v. New Commodore Cruise Lines, Ltd.,* No. 02CV8025, 2004 WL 344035, at \*3 (S.D.N.Y. Feb. 24, 2004); *cf. Permatex, Inc. v. Loctite Corp.,* No. 03CV943, 2004 WL 1354253, at \*3 (S.D.N.Y. June 17, 2004) (holding that the plaintiff exhibited diligence by moving to amend less than two months after deposition that brought new information to light).

■ However, the Court finds that allowing amendment at this point of the litigation would not result in undue prejudice to the defendants. "In deciding what is prejudice, the Court must consider whether the proposed amendment to the pleadings would '(1) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay the resolution of the dispute; or (3) prevent the plaintiff from bringing a timely action in another jurisdiction.'" *NAS Electronics, Inc. v. Transtech Electronics PTE Ltd.,* 262 F.Supp.2d 134, 151 (S.D.N.Y.2003) (quoting *Block v. First Blood Assoc.,* 988 F.2d 344, 350 (2d Cir.1993)). Here, the defendant's claims of prejudice are insufficient to preclude amendment of the complaint because: (1) discovery was certified as complete only a short time before the plaintiff's motion to amend was filed; (2) the additional Equal Protection cause of action would likely not require extensive new discovery; and (3) summary judgment motions were not filed

until after the present motion was filed. Although the plaintiff was slow to file the instant motion, the claimed prejudice is not the type of prejudice that the Court regards as a bar to amendment. Accordingly, the Court considers the merits of the plaintiff's Equal Protection Claim.

■ The plaintiff seeks to amend his complaint to add an Equal Protection claim as a "class of one," alleging that the defendants arbitrarily and selectively misinterpreted and enforced the Collective Bargaining Agreement and the Empire Plan Regulations in a manner differently from all other retired employees of the District and singled him out for that treatment with the intent to prevent him from receiving his entitled retirement benefits. Specifically, the plaintiff contends that information received at the December 17, 2007 deposition of Ann Marie Andreas, the head of the defendants' benefits department establishes that he was singled out for disparate application of the benefits regulations because all other retirees were offered the benefits package, including two individuals who were allowed to retire after having been accused of misappropriating millions of dollars in District funds.

In the recent case *Engquist v. Oregon Dep't of Agr.,* —— U.S. ——, 128 S.Ct. 2146, 170 L.Ed.2d 975 (2008) the Supreme Court held that a class of one Equal Protection theory cannot be maintained where a public employer makes decisions as employer because such determinations "by their nature involve discretionary decision-making based on a vast array of subjective, individualized assessments. In such cases the rule that people should be 'treated alike, under like circumstances and conditions' is not violated when one person is treated differently from others, because treating like individuals differently is an accepted consequence of the discretion

granted." *Engquist,* 128 S.Ct. at 2154, 170 L.Ed.2d at 987.

The plaintiff contends that the *Engquist* Court's rationale in protecting discretionary employer assessment does not bar his claim because he is suing the District as administrator and regulator of its health insurance program, not as a discretionary decision maker. Indeed, the *Engquist* court recognized "the crucial difference ... between the government exercising 'the power to regulate or license, as lawmaker,' and acting 'as proprietor, to manage [its] internal operations.'" *Id.* at 2151, 170 L.Ed.2d at 983 (quoting *Cafeteria & Restaurant Workers v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, 6 L.Ed.2d 1230 (1961)).

■ Although the Court agrees that the plaintiff would likely be able to maintain an Equal Protection claim against the District in light of the distinctions set forth in *Engquist,* the plaintiff still fails to state a viable Equal Protection claim. To maintain an Equal Protection claim as a "class of one," a plaintiff must show that (1) "[he] has been intentionally treated differently from others similarly situated," and (2) "there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech,* 528 U.S. 562, 564, 120 S.Ct. 1073, 1074, 145 L.Ed.2d 1060 (2000). Here, the plaintiff has failed to allege differential treatment from any similarly situated party. The Court finds that the plaintiff is not similarly situated to the two individuals who misappropriated funds from the District. According to the defendants, these individuals, a former Superintendent of Schools and a former Assistant Superintendent of Schools were not involuntarily terminated, but instead, unilaterally resigned prior to any disciplinary charges being lodged against them. Further, the plaintiff has failed to allege that the District has provided health benefits to any party whose employment was involuntarily terminated similar to his situation.

Accordingly, the Court denies the plaintiff's motion to amend his complaint as futile.

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED,** the plaintiff's motion to file an amended complaint to add a more detailed factual chronology is granted; and it is further

**ORDERED,** that the plaintiff's motion to amend his complaint to add an Equal Protection cause of action is denied.

**SO ORDERED.**